**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**TODD ALBEE,**

**Plaintiff,**

**v.**

**23-CV-551-JLS(HKS)**

**VERIZON NEW YORK INC.**

**Defendant.**

## REPORT, RECOMMENDATION, AND ORDER

This case was referred to the undersigned by the Hon. John L. Sinatra, Jr., pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #8. Plaintiff brings this employment discrimination action alleging a variety of federal and state claims arising out of the termination of his employment. Dkt. #1-1, pp. 2-9.

Currently before the Court is defendant's motion to dismiss. Dkt. #10. For the following reasons, it is recommended that the motion be granted and that plaintiff's claims be dismissed with prejudice.

## BACKGROUND

Plaintiff Todd Albee, who was born on March 3, 1972, became employed by defendant Verizon New York Inc. as a field technician on April 10, 2000. Dkt. #1-1, ¶¶ 4-5. Plaintiff was a member of the Communications Workers of America, Local 115, a

union with whom defendant had a collective bargaining agreement. Dkt. #1-1, ¶; Dkt. #15, p. 7.[1]

On March 14, 2018, one of plaintiff's co-workers complained to defendant that plaintiff had used a racial epithet in his presence the previous day. Dkt. #1-1, ¶ 8. Plaintiff alleges that the complaint was untrue; that an investigation revealed that plaintiff had not used the alleged epithet; but that defendant nonetheless wrongfully terminated plaintiff's employment on May 25, 2018. Dkt. #1-1, ¶¶ 9-10.

Plaintiff challenged his termination through the CBA's grievance process and, after an arbitration held on January 30, 2020, the arbitrator ruled that plaintiff's termination "was not without just cause." Dkt. #1-1, ¶ 11; Dkt. #12-2.

Plaintiff filed suit in the Supreme Court of the State of New York, County of Niagara, on May 9, 2023. Dkt. #1-1. Plaintiff's complaint alleges the following claims: (1) breach of contract; (2) age discrimination; (3) disability discrimination; (4) negligence; (5) prima facie tort; and (6) negligent infliction of emotional distress.

Defendant removed the action to this Court on June 16, 2023, pursuant to 28 U.S.C. §§ 1331 and 1446. Dkt. #1.

---

[1] Plaintiff refers in his complaint only to an "agreement" between him and defendant, Dkt. #1-1, ¶ 6, but it may reasonably be inferred from the balance of the complaint that plaintiff was a member of the union; that the "agreement" was a collective bargaining agreement ("CBA") between defendant and the union; and that plaintiff challenged his termination through the CBA's grievance and arbitration provisions. Plaintiff concedes these facts in his memorandum in opposition. Dkt. #15, pp. 7-8.

On July 14, 2023, defendant filed a motion to dismiss arguing that plaintiff's claims are time-barred, preempted, or otherwise subject to dismissal. Dkt. #10. On July 26, 2023, plaintiff filed a memorandum in opposition to defendant's motion to dismiss, Dkt. #15, and defendant filed a reply on September 15, 2023. Dkt. #16.

## DISCUSSION AND ANALYSIS

### Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge[ ]" claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. To survive dismissal, a complaint's "factual allegations must be enough to raise a right to relief above the speculative level." *Melendez v. Sirius XM Radio, Inc.*, 50 F.4th 294, 306 (2d Cir. 2022).

On a Rule 12(b)(6) motion, "all factual allegations in the complaint are accepted as true and all inferences are drawn in the plaintiff's favor." *Apotex Inc. v. Acorda Therapeutics, Inc.*, 823 F.3d 51, 59 (2d Cir. 2016). However, a court does not consider "conclusory allegations or legal conclusions couched as factual allegations." *Dixon v. Blanckensee*, 994 F.3d 95, 101 (2d Cir. 2021).

**Breach of the Collective Bargaining Agreement**

Plaintiff bases his breach of contract claim on the allegation that defendant did not terminate his employment for "good cause" as required by the CBA. Dkt. #1-1, ¶¶ 6, 13-14. The Court may thus consider the CBA even though it is outside the pleadings. *See Holmes v. Air Line Pilots Ass'n, Int'l*, 745 F. Supp.2d 176, 193 (E.D.N.Y. 2010) (in resolving a Rule 12(b)(6) motion, court may properly consider documents deemed integral to the complaint, whether incorporated by reference or quoted therein) (citations omitted).

Also at the Rule 12 stage, "courts have regularly taken judicial notice of arbitration awards" pursuant to Fed. R. Evid. 201(b). *Caldarera v. Int'l Longshoremen's Ass'n, Local 1*, 17-CV-1414 (VEC), 2018 WL 3242269, at *3 (S.D.N.Y. July 3, 2018) (citation omitted). *See also Wilson v. New York*, 15 Civ. 23 (CBA) (VMS), 2017 WL 9674497, at *2 n.4 (E.D.N.Y. Jan. 24, 2017) (collecting cases).

Defendant first argues that plaintiff's breach of contract claim is barred by res judicata because the question of whether he was discharged for "just cause" was previously decided on the merits in arbitration. Dkt. #11, pp. 10-11.

Res judicata "serves to bar certain claims in federal court based on the binding effect of past determinations in arbitral proceedings." *Pike v. Freeman*, 266 F.3d 78, 90 (2d Cir.2001). To demonstrate a claim is precluded by res judicata, "a party must show that: (1) the previous action involved an adjudication on the merits; (2) the previous

action involved the [same] parties or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Id.* at 91 (internal quotation marks and alterations omitted).

All three of these elements are met here. After a hearing held on January 30, 2020, during which the arbitrator heard testimony from witnesses—including plaintiff—the arbitrator issued a written decision finding that there was "just cause" for plaintiff's discharge. Dkt. #12-2.

"Arbitration judgments have the same res judicata effect as judgments entered by the courts." *Thomas v. Atlantic Express Corp.*, No. 07 Civ.1978(SCR), 2009 WL 856993, at * (S.D.N.Y. Mar. 31, 2009)

Second, plaintiff was represented in the arbitration by the union, and such representation creates privity. *Stewart v. Concourse House HFCD*, No. Civ. 4991 (LBS), 1995 WL 653373, at *3 (S.D.N.Y. Nov. 7, 1995) ("In the labor union context, principles of implied authority and representation by association preclude members from relitigating issues previously litigated by the union on their behalf.") (citation omitted).

Finally, whether defendant had good cause to terminate plaintiff's employment was the very issue that was determined during the arbitration. Dkt. #12-2, p. 3 (defining agreed issue before the arbitrator as: "Was the Company's action not without just cause, in the suspension and discharge of the grievant Todd Albee?").

Plaintiff's breach of contract claim is thus barred by res judicata. *Thomas*, 2009 WL 856993, at *2-3 (plaintiff's claim for breach of collective bargaining agreement in relation to his discharge barred by res judicata where arbitration award upheld termination).

Defendant also correctly argues that, because the issue of whether plaintiff was discharged for "good cause" requires interpretation of the CBA, plaintiff's breach of contract claim is preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. *Arnold v. Beth Abraham Health Servs., Inc.*, No. 09 Civ. 6049 (DLC), 2009 WL 5171736, at *5 (S.D.N.Y. Dec. 30, 2009) (noting that any "state-law cause of action for violation of collective-bargaining agreements is entirely displaced by federal law under § 301") (citation and internal quotations omitted).

It will thus be recommended that plaintiff's breach of contract claim be dismissed with prejudice.

**<u>Age and Disability Discrimination</u>**

The second count of plaintiff's complaint alleges age discrimination under federal and New York law, and the third count alleges disability discrimination under New York law. Dkt. #1-1, ¶¶ 17-36.

To bring a claim under the Age Discrimination in Employment Act of 1967 ("ADEA"), a plaintiff "must first exhaust her administrative remedies by filing a charge with the EEOC within 300 days of the 'alleged unlawful practice.'" *Doolittle v. Bloomberg L.P.*, Case No. 22-cv-09136, 2023 WL 7151718, at *4 (S.D.N.Y. Oct. 31, 2023) (quoting 29 U.S.C. § 626(d)(1)(B)).

Plaintiff does not allege that he filed any administrative charge of age discrimination, so his ADEA claim fails for that reason alone.

Next, plaintiff alleges claims for age and disability discrimination premised on his termination under the New York State Human Rights Law ("NYSHRL"). "The NYSHRL statute of limitations is three years." *Montana v. City of Mount Vernon*, No. 21-CV-260, 2023 WL 8097039, at *10 (S.D.N.Y. Nov. 21, 2023) (citations omitted).

Plaintiff was discharged on May 25, 2018. Dkt. #1-1, ¶ 10. Thus, the limitations period for NYSHRL claims based on that adverse action expired on May 25, 2021. Plaintiff filed his state court complaint in this matter on May 9, 2023, Dkt. 1-1, and these claims are thus untimely.

Perhaps anticipating this problem, plaintiff alleges in his complaint that his termination "became final" on May 11, 2020, when the arbitrator issued his decision

denying plaintiff's grievance. Dkt. #1-1, ¶¶ 11-12. Plaintiff repeats this theory in his memorandum in opposition but offers no pertinent authority in support. Dkt. #14, p. 15.[2]

It has long been held that "the pendency of a grievance, or some other method of collateral review of an employment decision, does not toll the running of the statute of limitations." *Delaware State Coll. v. Ricks*, 449 U.S. 250, 261 (1980) (citing *Elec. Workers v. Robbins & Myers, Inc.*, 429 U.S. 229 (1976)). As the Court stated in *Ricks*, "[t]he grievance procedure, by its nature, is a *remedy* for a prior decision, not an opportunity to *influence* that decision before it is made." *Id.*

Finally, and in the alternative, plaintiff's complaint alleges no facts to support an inference that either his age or unspecified disability was causally related to his discharge. "[N]aked assertions of discrimination without any specific factual allegation of a causal link between the defendants' conduct and the plaintiff's protected characteristic are too conclusory to withstand a motion to dismiss." *Wilson v. New York*, 15 Civ. 23 (CBA) (VMS), 2017 WL 9674497, at *12 (E.D.N.Y. Jan. 24, 2017) (citations omitted). *See also Mirinaviciene v. Keuka Coll.*, 23-CV-6233, 2023 WL 8281897, at *4 (W.D.N.Y. Nov. 30, 2023) (granting motion to dismiss age discrimination claim where "plaintiff has failed to plausibly allege that her age was a "but-for" cause of termination; complaint "includes no allegation that would support even a minimal inference of the requisite discriminatory causality") (citation and internal quotations omitted).

[2] Elsewhere in his brief, however, plaintiff states that he "was terminated as an employee of Defendant as of May 25, 2018." Dkt. #14, p. 19.

For these reasons, it will be recommended that plaintiff's age and disability discrimination claims be dismissed with prejudice.

**Negligence/Negligent Infliction of Emotional Distress**

In his fourth cause of action, plaintiff alleges a claim for negligence based on defendant's "failure to conduct a full and fair investigation" of the complaint regarding his alleged use of a racial epithet in the workplace. Dkt. #1-1, ¶¶ 37-43. He alleges the same investigatory failure as the basis for his claim for negligent infliction of emotional distress in count six. Dkt. #1-1, ¶¶ 53-60.

Under New York law, "[c]laims sounding in negligence are normally subject to a three-year statute of limitations." *Arnold v. Town of Camillus, New York*, 5:20-CV-1364 (MAD/ML), 2023 WL 2456059, at *15 (N.D.N.Y. Mar. 9, 2023) (citation omitted). "The statute of limitations begins to run when a tort cause of action accrues—when all the facts necessary to the cause of action have occurred so that the party would be entitled to obtain relief." *Id.* (citation and internal quotations omitted).

Plaintiff alleges that defendant failed to conduct a "full and fair investigation" between the time the complaint was made by his co-worker on March 14, 2018 and the time that defendant terminated plaintiff's employment on May 25, 2018. Dkt. #1-1, ¶¶ 8-10. Plaintiff's negligence-based claims thus accrued no later than May 25, 2018.

As with his state law discrimination claims, plaintiff's negligence-based claims are therefore barred because he filed his complaint almost two years after the limitations period expired.

Defendant also correctly asserts in the alternative that these negligence claims are barred by the exclusivity provision of the New York Workers' Compensation Law. *Martin v. Columba-Brigid Catholic Church*, Case No. 1:21-cv-491, 2022 WL 3348382, at *8 (W.D.N.Y. Aug. 12, 2022).

It will thus be recommended that plaintiff's fourth and sixth causes of action be dismissed with prejudice.

**Prima Facie Tort**

Plaintiff's fifth cause of action alleges a prima facie tort. Dkt. #1-1, ¶¶ 44-52.

The elements of prima facie tort are: (1) intentional infliction of harm; (2) resulting in special damages; (3) without excuse or justification; (4) by an act that would otherwise be lawful. *Arnold*, 2023 WL 2456059, at *17 (citation and internal quotations omitted). "The Second Circuit has held that [t]he touchstone of prima facie tort is 'disinterested malevolence,' meaning that the plaintiff cannot recover unless the defendant's conduct was not only harmful, but done with the sole intent to harm." *Id.*

In support of this claim, plaintiff alleges that defendant "intentionally inflicted harm upon [him] by wrongfully terminating him." Dkt. #1-1, ¶47. "Where a claim for prima facie tort is premised only on intentional conduct, the one-year limitations period applies." *Arnold*, 2023 WL 2456059, at *15 (citation omitted).

This claim is thus untimely because it was not filed within one year of plaintiff's discharge.

It will thus be recommended that plaintiff's fifth cause of action also be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, it is recommended that defendant's motion to dismiss (Dkt. #10) be granted and that plaintiff's claims be dismissed with prejudice.

Therefore, it is hereby ORDERED pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this

Report, Recommendation and Order in accordance with the above statute, Fed. R. Civ. P. 72(b) and Local Rule 72(b).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Rule 72(b) may result in the District Judge's refusal to consider the objection.

The Clerk is hereby directed to send a copy of this Report, Recommendation and Order to the attorneys for the parties.

**SO ORDERED.**

DATED: Buffalo, New York
December 4, 2023

**s/ H. Kenneth Schroeder, Jr.**
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**